OPINION *Page 2 
{¶ 1} On June 23, 2008, appellee, Duane Jenkins, filed a petition for a civil stalking protection order against appellant, Dennis May, Jr. Following an ex parte hearing before a magistrate held on same date, a temporary civil protection order was issued. On same date, the order and notice of hearing set for July 8, 2008 was served upon appellant.
 {¶ 2} On July 8, 2008, appellant appeared at the hearing without counsel and requested a continuance. The magistrate denied the request, and the hearing proceeded. On July 21, 2008, the magistrate recommended the issuance of a five year civil protection order and the trial court approved and adopted the order. No objections were filed by either party.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE RESPONDENT/APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS WHEN HE WAS NOT GRANTED A CONTINUANCE IN ORDER FOR HIM TO OBTAIN COUNSEL TO REPRESENT HIM AT THE FULL CIVIL STALKING PROTECTION HEARING, ESPECIALLY WHEN THE RESPONDENT FACES CRIMINAL CHARGES RELATING TO THIS SAME CONDUCT ALLEGED IN THE CIVIL STALKING PROTECTION ORDER."
 II {¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED A FIVE-YEAR CIVIL STALKING PROTECTION ORDER AGAINST THE *Page 3 
RESPONDENT/APPELLANT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 III {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED A CIVIL STALKING PROTECTION ORDER AGAINST THE RESPONDENT/APPELLANT WHEN THE COMPLAINT WAS INSUFFICIENT STATUTORILY TO ALLEGE A CAUSE OF ACTION."
 I {¶ 7} Appellant claims he was denied due process when he was not granted a continuance to obtain an attorney. We disagree.
 {¶ 8} The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 9} At the July 8, 2008 hearing, appellant asked for time to obtain an attorney, claiming he did not understand a full hearing had been scheduled. T. at 3-5. Appellant admitted he did not contact an attorney until July 3, 2008, some ten days after receiving notice of the hearing, and did not give an attorney any papers until the day before the hearing. T. at 5-7. The trial court noted an attorney did not make an appearance on the record. T. at 8. The trial court denied appellant's request for a continuance, explaining the following: *Page 4 
 {¶ 10} "THE COURT: Okay. Well, I am going to deny your request for a continuance. We are going to go forward with the hearing today.
 {¶ 11} "You've had fifteen days to get an attorney, you were served with this, for the record, on June 23, 2008, at 6:16, p.m. in the evening by Sergeant, looks like Sims, who also read it to you.
 {¶ 12} "As you said, you had contact with an attorney at least six days prior to today, he has not entered an appearance or indicated to the Court that he's representing you, and they are opposed to a continuance and the Petitioner is missing work to be here today." T. at 8-9.
 {¶ 13} Upon review, we find the trial court did not abuse its discretion in denying the request for a continuance.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the trial court's decision in ordering a civil protection order was against the manifest weight of the evidence.
 {¶ 16} At the outset, we find procedurally this assignment fails because no objections were filed to the magistrate's order, and the trial court approved and adopted the order. Appellant immediately filed an appeal to this court without filing objections with the trial court.
 {¶ 17} Civ. R. 53 governs magistrates. Subsection (D)(3)(b)(iv) states the following:
 {¶ 18} "(iv) Waiver of right to assign adoption by court as error onappeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption *Page 5 
of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ. R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ. R. 53(D)(3)(b)."
 {¶ 19} Attached to the served copy of the civil protection order was the following warning in pertinent part:
 {¶ 20} "WITHIN FOURTEEN (14) DAYS OF THE FILING OF A MAGISTRATE'S DECISION, A PARTY MAY FILE WRITTEN OBJECTIONS TO THE MAGISTRATE'S DECISION. IF ANY PARTY TIMELY FILES OBJECTIONS, ANY OTHER PARTY MAY ALSO FILE OBJECTIONS NOT LATER THAN TEN (10) DAYS AFTER THE FIRST OBJECTIONS ARE FILED.
 {¶ 21} "* * * A PARTY SHALL NOT ASSIGN AS ERROR ON APPEAL THE COURT'S ADOPTION OF ANY FINDING OF FACT OR CONCLUSION OF LAW UNLESS THE PARTY HAS OBJECTED TO THAT FINDING OR CONCLUSION UNDER THIS RULE."
 {¶ 22} Assignment of Error II is denied.
 III {¶ 23} Appellant claims the complaint was statutorily insufficient to allege a cause of action. We disagree.
 {¶ 24} Because appellant failed to file objections, this assignment must be reviewed under the plain error standard. Civil plain error is defined in Goldfuss v. Davidson, 79 Ohio St.3d 116, 1997-Ohio-401, syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public *Page 6 
reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." The Goldfuss court at 121, explained the following:
 {¶ 25} "The plain error doctrine originated as a criminal law concept. In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings."
 {¶ 26} R.C. 2903.214(C)(1) sets forth the requirements for a petition seeking a civil protection order and states the following:
 {¶ 27} "(C) A person may seek relief under this section for the person, or any parent or adult household member may seek relief under this section on behalf of any other family or household member, by filing a petition with the court. The petition shall contain or state both of the following:
 {¶ 28} "(1) An allegation that the respondent engaged in a violation of section 2903.211 of the Revised Code against the person to be protected by the protection order or committed a sexually oriented offense against the person to be protected by the protection order, including a description of the nature and extent of the violation;
 {¶ 29} "(2) A request for relief under this section."
 {¶ 30} Appellee's petition filed June 23, 2008 sought a civil protection order and alleged the following: *Page 7 
 {¶ 31} "3. Petitioner states that Respondent has engaged in the following act(s) which create an immediate and present danger. For either (a) or (b) below attach additional paper if you need more room:
 {¶ 32} "(a) For a civil stalking protection order, describe the nature and extent of the pattern of conduct that causes you to believe that Respondent will cause you physical harm or causes (or has caused) mental distress. Also describe any previous convictions of Respondent for the crime of Menacing by Stalking if known.
 {¶ 33} "Yells at me that he is going to kill me. Yells that he is going to fight me because I am a township trustee. Yells four letter words at my wife and kids when they are out in yard. Tells my wife and kids he will come and fight me. Makes comments of sexual nature to my wife and oldest child that make them feel uncomfortable."
 {¶ 34} We find these allegations meet the minimal requirements of the statute, and placed appellant on notice of the claims against him.
 {¶ 35} Assignment of Error III is denied. *Page 8 
 {¶ 36} The judgment of the Court of Common Pleas of Ashland County, Ohio is hereby affirmed.
Farmer, P.J., Edwards, J. and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio is affirmed. Costs to appellant. *Page 1